H. T. LAMBERT, Appellant,

v.

Porter HARRISON, Appellee.

No. 3392.

Court of Civil Appeals of Texas.

Waco.

Nov. 1, 1956.

Rehearing Denied Nov. 22, 1956.

Burt Barr, J. Lee Zumwalt, Dallas, for appellant.

Yale B. Griffis, Dallas, for appellee.

McDONALD, Chief Justice.

This suit was brought by plaintiff Harrison against defendant Lambert on a note for $2,650 given by Lambert to Harrison in the settlement and dissolution of the partnership between them. Defendant Lambert answered by a plea of failure of consideration and a plea of fraud on the part of plaintiff. Trial was before the court without a jury, which gave judgment for plaintiff. Defendant appeals, contending the note was invalid because of plaintiff's fraud in concealing from defendant an $1,812.10 payment on certain music machinery out of partnership funds.

Plaintiff and defendant were partners in the business known as Maestro Music Company, which furnished juke box and/or wired music to its customers. During the existence of the partnership, defendant, in addition to his partnership, operated a music company of his own; and the partnership music company officed in defendant's offices, used defendant's facilities, and some of defendant's employees serviced some of the partnership music machines without receiving any pay from the partnership. Plaintiff during this period repossessed a music company route which he had previously sold on a credit to a Jean Phillips. When plaintiff repossessed this route he agreed with defendant to have the partnership service the route, let its income be paid on the indebtedness against it, and if there were any profits they would go into the partnership. The partnership paid during this period, $1,812.10 to the S. H. Lynch Company out of partnership funds on an indebtedness of the former Jean Phillips music route, owed on four Seeburg music machines.

Thereafter plaintiff and defendant agreed to dissolve the partnership, defendant taking title to the partnership music machines, assuming all partnership debts and executing the $2,650 note to plaintiff. As a part of the partnership dissolution defendant gave title to plaintiff to all interest in the Jean Phillips route and the equipment coming into the partnership from this source. Defendant refused to pay the $2,650 note when it became due and contends that when he entered into the partnership settlement he did not know that partnership funds had been used to pay the $1,812.10 indebtedness due on the four Seeburg machines; and that plaintiff owes him for rent, facilities and other charges growing out of the partnership using defendant's offices, telephone, storage space and employees to further the partnership business.

As previously noted, trial was before the court without a jury and the Trial Court rendered judgment for plaintiff upon the note sued on.

The only question here presented is whether there is sufficient evidence in the record to sustain the Trial Court's judgment. We think that there is. Further to the record above recited, the defendant himself drew up the note and the agreement settling and dissolving the partnership. The evidence reflects that defendant's wife was bookkeeper for the partnership and had access to all of the partnership records—and herself testified that she had seen the $1,812.10 entry noting payment by check to S. H. Lynch Company. Further, there is direct evidence that defendant himself knew of the payment. Further, the evidence reflects that one of the four Seeburg machines (upon which the $1,812 had been paid) was later sold for $600 and the $600 deposited to the partnership account.

As to the amounts defendant claims should be paid to him because the partnership used his offices, employees and facilities in furtherance of the partnership business, defendant, in the instrument of partnership settlement, assumed all liabilities of the partnership.

The cause was fully developed before the Trial Court. The Trial Court heard the witnesses, heard the evidence and all of the defenses here raised, and resolved the matter against the defendant. We have carefully reviewed the statement of facts, and conclude that the record supports the judgment rendered by the Trial Court.

The judgment of the Trial Court is therefore affirmed.

HALE, J., not participating.